IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JESSICA KLUS, *an individual*, | No. 3:24-cv-01010-AB |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| LEGACY HEALTH, *a corporation*, | |
| Defendant. | |

**BAGGIO, District Judge:**

Plaintiff Jessica Klus ("Plaintiff") brings religious discrimination claims under Title VII of the Civil Rights Act and Oregon law against her former employer, Defendant Legacy Health ("Defendant"). Complaint ("Compl.", ECF 1). Before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Motion to Dismiss ("Mot.", ECF 10). Defendant contends that Plaintiff's Complaint fails to allege sufficient facts to state a claim upon which relief can be granted. *Id.* at 1. Defendant further contends that Plaintiff failed to file her state law claim within the applicable statute of limitations. *Id.* at 1–2. At issue here are only Plaintiff's failure-to-accommodate claims under federal and state law.[1] For the reasons discussed below, Defendant's Motion to Dismiss is GRANTED.

---

[1] Defendant's Motion to Dismiss additionally alleges that Plaintiff failed to state a claim for relief for disparate treatment, disparate impact, retaliation, wrongful reduction in pay, company-wide pattern-or-practice discrimination, or hostile work environment. Mot., 7–15. After

1 – OPINION AND ORDER

I.   **FACTUAL BACKGROUND**

In February 2020, Plaintiff began working for Defendant as a registered nurse at Legacy Meridian Park Medical Center (the "Center"). Compl., ¶ 16. Plaintiff worked on call for the Medical/Surgical unit, typically working twenty-four hours a week. *Id.* At the beginning of March 2020, the COVID-19 pandemic unfolded. *Id.* at ¶ 6. Plaintiff continued to work in-person at the Center. *Id.* Then, in summer of 2021, Defendant imposed a vaccine mandate for all employees, including employees at the Center. *Id.* at ¶ 7. On August 23, 2021, Plaintiff, a devout Christian, applied for a religious exemption, believing that if she received the vaccine she would be sinning against God. *Id.* at ¶¶ 17, 21. About a month later, Defendant denied Plaintiff's religious exemption request. *Id.* at ¶ 17. Defendant placed Plaintiff on unpaid administrative leave on or about October 1, 2021,[2] before ultimately terminating her employment on October 19, 2021. *Id.*

Plaintiff's Complaint alleges that Defendant unlawfully discriminated against her in the workplace based on her religious beliefs in violation of ORS 659A.030 and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17. *Id.* at ¶¶ 20–32.

II.   **STANDARD**

Where the plaintiff "fail[s] to state a claim upon which relief can be granted[,]" the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is

---

conferral between parties, Plaintiff agreed to voluntarily dismiss the additional claims subject to Defendant's Motion to Dismiss. Amended Response in Opposition to Motion to Dismiss ("Resp.", ECF 18), 1. Therefore, the Court addresses only Plaintiff's remaining state and federal failure-to-accommodate claims.

[2] The Complaint alleges that Plaintiff was placed on administrative leave on September 30, 2021, but also states that Plaintiff was placed on unpaid leave on October 1, 2021. Compl., ¶¶ 16, 17.

plausible on its face when the factual allegations allow the Court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 680–81. Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011). If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

### III.  DISCUSSION

#### A. Plaintiff's Failure-to-Accommodate Claims

Plaintiff's Complaint lacks sufficient allegations regarding the conflict between her religious beliefs and Defendant's COVID-19 vaccine mandate to survive Defendant's Motion to Dismiss. Title VII[3] makes it unlawful for an employer to discharge an employee based on religion. 42 U.S.C. § 2000e-2(a)(1); *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 (9th Cir. 1993). The term "religion" encompasses all aspects of religious practice and belief. 42 U.S.C. § 2000e(j); *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 602 (9th Cir. 2004). Title VII failure-to-accommodate claims are "analyzed under a burden-shifting framework." *Bolden-Hardge v. Off. of Cal. State*

---

[3] Claims brought under Oregon law are analyzed under the same framework as claims brought under Title VII. *Dawson v. Entek Int'l*, 630 F.3d 928, 935 (9th Cir. 2011).

3 – OPINION AND ORDER

*Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023). An employee-plaintiff must first plead a prima facie case of religious discrimination. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). If the employee articulates a prima facie case, "the burden shifts to the employer to show" that it made "good faith efforts to [reasonably] accommodate . . . the religious practices or that it could not reasonably accommodate the employee without undue hardship." *Id*.

To establish religious discrimination under Title VII based on a failure-to-accommodate claim, a plaintiff must plead that: (1) she had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer discharged her because of her inability to fulfill the job requirement. *Peterson*, 358 F.3d at 606; *Heller,* 8 F.3d at 1438. Defendant's motion to dismiss argues that Plaintiff fails to plead facts sufficient to establish the first element. Mot., 5–7; Reply in Support of Motion to Dismiss ("Reply", ECF 21), 2–6.

Plaintiff makes four allegations in her Complaint. First, Plaintiff alleges that she "held [a] sincere and profound religious belief which prevented her from being able to take the available COVID-19 vaccine" and that "[h]er religious beliefs were in direct conflict with taking the COVID-19 vaccine." Compl., ¶ 8. Second, Plaintiff states that "[a]fter much praying and talking to God, . . . [she] chose not to receive the . . . COVID-19 vaccine because God told her not to" and that if she did receive the vaccine "it would be sinning against God." *Id.* at ¶ 17. Third, "Defendant failed to . . . accommodate Plaintiff's religious beliefs." *Id.* at ¶¶ 23, 30. And last, Plaintiff alleges that she "is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity[]" and that her "sincerely held beliefs conflicted with the Defendant's COVID-19 vaccine mandate." *Id.* at ¶¶ 21, 22, 28, 29. Only the fourth allegation

4 – OPINION AND ORDER

addresses a conflict between her religious belief and Defendant's vaccine mandate, but it does not describe the conflict.

Plaintiff, who identifies as a religious Christian, fails to explain how practicing her Christian beliefs conflicted with the employment duty to take the COVID-19 vaccine. *See Bolden-Hardge*, 63 F.4th at 1223 (relevant inquiry is whether actual conflict with religious belief is alleged). Plaintiff's general references to her sincerely held religious beliefs and her conclusory statement that those beliefs conflicted with Defendant's vaccine mandate do not plausibly state a claim for relief. *See id.* (courts need not take conclusory claims of religious belief violations "at face value"). Plaintiff mistakenly argues that she is "required to plead the specifics of [her] religious beliefs and answer *why* [she] believed what [she] believed in opposition to the COVID-19 vaccine." Resp., 13. The flaw in Plaintiff's complaint is not that she failed to plead specifics about her belief system. The flaw is that she failed to allege how her religious beliefs are incompatible with Defendant's mandate that she must receive a COVID-19 vaccine. *See Bolden-Hardge*, 63 F.4th at 1223 (allegation that oath conflict conflicts with plaintiff's faith because it requires her to choose between her religious beliefs and her job states a plausible Title VII claim). Because the Complaint here fails to allege an actual conflict, it must be dismissed.

The Court, however, finds that it is possible that Plaintiff could cure this defect and gives Plaintiff leave to amend her Complaint. *See Doe*, 58 F.3d at 497.

### B. Timeliness of Plaintiff's State Law Claim

Even if Plaintiff alleged sufficient facts to state a discrimination claim under ORS 659A.030, her claim is barred by the 90-day statute of limitations imposed by her receipt of the Bureau of Labor and Industries ("BOLI") right-to-sue letter. Under Oregon law, a plaintiff who files a BOLI complaint "must commence a civil action . . . within 90 days after a 90-day notice is

mailed to the complainant[.]" ORS 659A.875(2). Alternatively, if a plaintiff chooses not to file a BOLI complaint, their action "must be commenced not later than five years after the occurrence of the alleged violation." ORS 956A.875(1).

Plaintiff filed a BOLI complaint alleging that Defendant failed to accommodate her religious beliefs that conflicted with receiving a COVID-19 vaccine and received a right-to-sue letter dismissing her BOLI complaint on February 7, 2023. Declaration of Dominik Mackinnon ("Mackinnon Decl.", ECF 11), Ex. 1, Ex. 2. Plaintiff filed this lawsuit on June 24, 2024—over a year outside the 90-day deadline. *See* Compl.

Plaintiff argues that for claims brought under ORS 365A.030, rather than using the 90-day limitation in ORS 659A.875(2), the Court should instead use the five-year limitation found in ORS 659A.875(1)(b) and (6)(b). Resp., 11, 14. Although Plaintiff is correct that ORS 659A.875(1)(b) contains a five-year statute of limitation, she ignores that ORS 659A.875(1) begins with the qualification, "[e]xcept as provided in subsection (2) of this section." And here, Plaintiff explicitly chose to proceed—by filing a complaint with BOLI—under subsection (2) of ORS 659A.875. Therefore, the "except[ion]" to the five-year limitation period of ORS 659A.875(1) applies and, because Plaintiff failed to "commence a civil action . . . within 90 days after a 90-day notice is mailed to the complainant," her state claim is time-barred.

Plaintiff further points the Court to ORS 659A.875(6)(b), stating that it also contains a five-year statute of limitations and alleges it does not contain an exception list. Resp., 14. Again, Plaintiff is correct that ORS 659A.875(6)(b) contains a five-year statute of limitation, but she ignores that ORS 659A.875(6) begins with the qualification, "[n]otwithstanding ORS 30.275(9)[.]" ORS 30.275(9) provides that "notwithstanding any . . . other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a

6 – OPINION AND ORDER

public body or an officer, employee or agent of a public body within the scope of ORS 30.260 . . . shall be commenced within two years after alleged loss or injury." Defendant is a corporation—not a public body within the scope of ORS 30.260. Accordingly, ORS 659A.875(6)(b) is not applicable here. And, even if Defendant was a public body, ORS 30.275(9) unambiguously provides an exception for when a Plaintiff proceeds under a statute that provides a statute of limitation. As discussed above, Plaintiff explicitly chose to proceed under ORS 659A.875(2). Therefore, Plaintiff's state law claim is time-barred.

Because Plaintiff's ORS 659A.030 discrimination claim is time-barred, it is dismissed with prejudice.

### IV.  CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss (ECF 10) is GRANTED. Plaintiff has thirty days from the date of this Opinion and Order to file an amended complaint such that only Plaintiff's failure-to-accommodate claim under federal law remains.

IT IS SO ORDERED.

DATED this  11th  day of December, 2024.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge